UNITED STATES DISTRICT COURT                          <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LAMAR EVANS,

                             Plaintiff,

                  -against-                          **ORDER**
                                       18-CV-4428 (JMA)(SIL)

WARDEN MICHAEL FRANCI, *et al.*

                             Defendants.
-------------------------------------------------------X
**AZRACK, District Judge:**

        On August 6, 2018, incarcerated *pro se* plaintiff Lamar Evans ("plaintiff") filed a

complaint in this Court together with an application to proceed *in forma pauperis*.   However,

plaintiff had referenced an exhibit in his complaint as his statement of facts and, because such

exhibit was missing from his filing, by Notice of Deficiency dated August 7, 2018 ("Notice"),

plaintiff was instructed to file the missing exhibit or to complete the fact section on the form

complaint within fourteen (14) days from the date of the Notice.   The Notice warned plaintiff

that his failure to timely comply may be dismissed for failure to prosecute.   (*See* Notice, Docket

Entry No. 6.)   The Notice was mailed to plaintiff at his address of record at the Suffolk County

Correctional Facility, and, on August 8, 2018 he filed the missing exhibit.   (*See* Docket Entry

No. 7.)

        On October 16, 2018, plaintiff filed a letter with a return address reflecting that the letter

was mailed from the Otis Bantam Correctional Center.   (*See* Docket Entry No. 9.)

Accordingly, by letter dated October 19, 2018, the Court sent plaintiff a Notice of Change of

Address form and instructed plaintiff to complete and return the enclosed form as soon as

possible in order for the Court to update his address of record on the docket.   (*See* Docket Entry

Nos. 10, 12.)   The letter was mailed to plaintiff at the Otis Bantum Correctional Center, but was

returned to the Court and marked "RTS" (i.e., Return to Sender). (*See* Docket Entry No. 11.) On January 11, 2019, the Court sent plaintiff another letter that directed him to provide the Court with his current address. This letter, which was sent to plaintiff at both the Suffolk County Correctional Facility and the Otis Bantam Correctional Center, warned plaintiff that "[f]ailure to respond may result in the dismissal of your action." (Docket Entry Nos. 12, 13.) The letter sent to the facility in Suffolk was returned as undeliverable and marked "Discharged/Return to Sender." To date, plaintiff has not updated his address nor has he otherwise communicated with the Court since October 16, 2018.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff. *Pagan v. Westchester Cnty.*, 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *Thornton*, 2014 WL 2805236, at *2.

Accordingly, given plaintiff's failure to keep his address current, the Court is unable to communicate with him. Because it appears that plaintiff has abandoned this case, his complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this order to the plaintiff at his last known addresses (Suffolk County Correctional Facility and Bantam Otis Correctional Center) and to mark this case closed.

**SO ORDERED.**

_____/s/ (JMA)_____

Dated:   February 6, 2019                     Joan M. Azrack
      Central Islip, New York              United States District Judge